UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| A-1 WRECKER SERVICE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:05-CV-358 |
| | ) | (VARLAN/GUYTON) |
| RON DUNN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This civil rights action is before the Court on two pending motions: the Motion for Summary Judgment by Ron Dunn, in his individual capacity [Doc. 14] and the Motion for Summary Judgment by Ron Dunn, in his official capacity [Doc. 16]. No response or opposition to the pending motions has been filed and the time for doing so has passed. *See* L.R. 7.1(a), 7.2.

After carefully reviewing the pending motions and supporting briefs [Docs. 15, 17] in light of controlling law and plaintiff's complaint [Doc.1], the Court will grant defendant's motions for summary judgment for the reasons set forth herein.

### I. Relevant Facts

Because it does not own its own towing equipment, Blount County Sheriff's Department ("BCSD") uses local wrecker companies when it needs towing services and maintains a list of such companies. [Doc. 1 at ¶ 6.] To be on this rotation list, a wrecker company must agree to abide by the rules, regulations, policies and procedures set forth in

the General Orders of the Blount County Sheriff's Office ("General Orders"). [Doc. 3 at ¶ 39.] Plaintiff A1-Wrecker Services, Inc., a Tennessee corporation in the business of automotive towing, had been on BCSD's rotation list since 1996. Plaintiff also serves on the Tennessee Highway Patrol's ("THP") wrecker rotation list. [Doc. 1 at ¶ 12.]

On July 18, 2004, plaintiff was dispatched by the THP to the scene of a collision involving a 1998 Dodge Ram truck and a BCSD patrol car. [Doc. 1 at ¶ 12.] At the direction of the THP officer on the scene, plaintiff towed the Dodge truck to its impound facility. [*Id.*] Later that day, defendant Ron Dunn, chief deputy of BCSD, contacted plaintiff's president, Russel Forrester, and "demanded that the Dodge pickup truck be relocated to the BCSD vehicle storage facility." [*Id.* at ¶ 13.] Mr. Forester refused on the grounds that he could not do so "absent the express authority of the vehicle owner or the THP." [*Id.* at ¶ 14.] The following day, plaintiff received a letter from defendant notifying it that it had been removed from the towing rotation list. [*Id.* at ¶ 15.]

Plaintiff claims that its removal from the towing rotation list was "unjustified and unlawful," [Doc. 1 at ¶ 10], but also argues that it "has never been provided with a reason for the removal." [*Id.* at ¶ 16.] Plaintiff further contends that it "has never been provided with a hearing or opportunity to contest the suspension." [*Id.*] Defendant argues that plaintiff was removed from the towing rotation list pursuant to the removal provisions of the General Orders to which plaintiff agreed to adhere in initially being placed on the list. [Doc. 15 at 4.] Specifically, plaintiff violated section 3.13.03(M) of the General Orders by refusing to tow a vehicle to the Sheriff's Office when requested to do so by the sheriff. [Doc. 15, Ex. A].

As such, plaintiff was subject to removal from the rotation list pursuant to section 3.13.05(D) of the General Orders, which provides that "confirmed violation of any of the regulations concerning wrecker services" may result in removal from the rotation list. [Doc. 15, Ex. A.] Defendant also notes that while the General Orders provide for appeal of any penalty prescribed by the Chief Deputy, plaintiff never availed itself to those proceedings. [*Id.* at 4-5.]

Plaintiff filed suit on July 19, 2005, alleging that defendant violated its substantive and procedural due process rights under the Fourteenth Amendment by taking "retaliatory and malicious action" against plaintiff through removing it from the towing rotation list [Doc. 1 at ¶ 30] and by never affording plaintiff "a meaningful hearing by an impartial examiner before revocation of its rights to its position on the BCSD rotation list" [*Id.* at ¶ 33].

## II. Standard of Review

In his motion filed in his individual capacity, defendant has moved to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) and has moved for summary judgment. The motion filed in defendant's official capacity, however, only moves for summary judgment. Because each motion is titled "Motion for Summary Judgment," the Court will treat each as such and analyze the record and apply the law accordingly.

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to

judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

**III.    Analysis**

Defendant argues that plaintiff cannot make out a claim that its right to due process was violated because plaintiff has no constitutionally protected property interest in being on

the BCSD's tow list. Defendant points out that the General Orders, which plaintiff was required to follow as a condition of placement on the towing rotation list, [Doc. 3 at ¶ 16], provides that a wrecker company may be removed from the rotation list "for a confirmed violation of any of the regulations concerning wrecker services." [Doc. 15, Ex. A.] Additionally, defendant notes that the General Orders provides for "appeal to the Sheriff of any penalty prescribed by the Chief Deputy." [Doc. 15 at 3-4.] It does not provide for notice or appeal before such action has been taken.

To prevail on a due process violation claim, a plaintiff must prove that: (1) the defendant deprived the plaintiff of a constitutionally protected liberty or property interest; and (2) the resulting deprivation occurred without due process of law. *Miller v. Administrative Office of Courts*, 448 F.3d 887 895 (6th Cir. 2006). To have a protected property interest, it is not enough that an individual or entity has the expectation that a particular benefit will continue to be received. Instead, due process violations can only occur where there is a "legitimate claim of entitlement." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). The Sixth Circuit has held that no such property interest exists where a wrecker service is removed from a sheriff's department's rotation list pursuant to the department's removal policies. *Lucas v. Monroe County*, 203 F.3d 964, 978 (6th Cir. 2000).

Plaintiff claims that "[b]ased upon the express provisions of the representations of agents and employees of the [BCSD], and the practice and custom of the BCSD, the Plaintiff had a legitimate claim of entitlement to its rotation list participation...and had a property

5

interest in the continued referral of tow calls from the BCSD rotation list." [Doc. 1 at ¶ 11.] However, plaintiff points to no ordinance, contract, or other indicia of explicit understanding that support its claim of entitlement to remain on the tow list.  Just like the policies at issue in *Lucas*, 203 F.3d at 978, BCSD's General Orders explicitly provide that a wrecker service may be removed from the rotation list for a violation of any of the regulations concerning wrecker services, including failure to tow vehicles to the sheriff's garage when so requested. [Doc. 15, Ex. A.]  As a result, these policies did not create a legitimate claim of entitlement to remaining on the tow call list after committing such a violation, as plaintiff essentially admits it did. [Doc. 1 at ¶ 13].  Accordingly, plaintiff's complaint must be dismissed on the grounds that plaintiff has not established the existence of a constitutionally protected property interest.

## IV.   Conclusion

For the reasons set forth herein, defendant's Motion for Summary Judgment filed in defendant's individual capacity [Doc. 14] and defendant's Motion for Summary judgment filed in defendant's official capacity [Doc. 16] will be granted.

The clerk is directed to enter judgment accordingly.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE